IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAN GREEN,

    Plaintiff,

v.                                                CIV 12-01260 MCA/KBM

WARDEN JOE CHAVEZ,
NURSE REBECCA GRANGER,
CAPTAIN RON PEREZ, and
JOHN DOE, Correctional Officer,

    Defendants,

and

BOARD OF COUNTY COMMISSIONERS
OF VALENCIA COUNTY,

    Third-Party Plaintiffs,

v.

NEW MEXICO QUICKCARE, LLC, THE
ESTATE OF BLANCA BADILLO-CASTRO,
DECEASED, and VALENCIA FAMILY
MEDICINE & EXPRESS CARE,

    Third-Party Defendants.

## PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

    THIS MATTER comes before the Court on Third-Party Plaintiff's Motion for Default Judgment and Hearing on Damages [Doc. 93]. The presiding judge, the Honorable M. Christina Armijo, referred the motion to me pursuant to the provisions of 28 U.S.C. §636(a)(1)(B), to conduct hearings, if warranted, including evidentiary hearings, and to

perform any legal analysis required to recommend to the Court an ultimate disposition of the case. [Doc. 94]

On April 13, 2015, the Court held an evidentiary hearing on the motion and damages. At the hearing, Third-Party Plaintiff Board of County Commissioners of Valencia County ("Board") offered the sworn testimony of Christina Card in support of its motion and an affidavit from the Valencia County Detention Center Warden, Joe Chavez [Doc. 101]. None of the Third-Party Defendants appeared.

In the process of preparing its recommended findings and conclusions, the Court discovered that not all of the Third-party Defendants had received proper notice of that hearing. *See* Doc.104. The Court therefore reopened the evidentiary hearing and made sure that proper notice was given to all Third-Party Defendants as well as The Board. *See* Docs. 104 & 105. At the continuation of that hearing, once again only The Board appeared through its counsel, Brandon Huss. This time, The Board offered and the Court received live, sworn testimony of Warden Chavez. Based on the testimony and evidence presented at both hearings, and taking judicial notice of the court's docket sheet and case filings, the Court hereby makes the following recommended findings of fact and conclusions of law.

## **RECOMMENDED FINDINGS OF FACT**

1. Plaintiff Jan Green filed suit against Warden Joe Chavez, Nurse Rebecca Grainger, Captain Ron Perez, and John Doe alleging, among other things, that she was deprived of sufficient medical care by the Defendants while in confinement at Valencia County Detention Center ("VCDC"). [Docs. 1 and 12]

2. Defendants Chavez and Perez filed a Third-Party Complaint against New Mexico QuickCare, LLC ("QuickCare"), The Estate of Dr. Blanca Badillo-Castro ("The Estate"), and Valencia Family Medicine and Express Care ("VFM") on July 1, 2013. [Doc. 55]

3. Summons and a copy of the Third-Party Complaint were served on The Estate on July 10, 2013. [Doc. 57]

4. Summons and a copy of the Third-Party Complaint were served on VFM on July 10, 2013. [Doc. 58]

5. Summons and a copy of the Third-Party Complaint were served on QuickCare at two different addresses, on August 20, 2013 and on August 23, 2013. [Doc. 103]

6. The Court has subject-matter jurisdiction over this claim and personal jurisdiction over the Third-Party Defendants.

7. QuickCare filed a pro se Answer in the form of a letter on September 10, 2013. [Doc. 73]

8. VFM, by its former employee and registered agent, Dean Schear, filed a pro se Answer on August 1, 2013. [Doc. 65]

9. The Third-Party Plaintiff Board filed a motion to strike those Answers on July 25, 2014 based primarily on the Court's prohibition against corporate Defendants appearing pro se before this Court. [Doc. 87]

10. Relying on See D.N.M.-LR Civ 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to

practice before this Court."), the Court granted that motion and struck the answers from the record on September 20, 2014. [Doc. 88]

11. The Estate never filed a response or answer to the Third-Party Complaint.

12. On November 13, 2014, Clerk's Entry of Default was filed with respect to all three Third-Party Defendants – QuickCare, The Estate, and VFM. [Doc. 92]

13. Third-Party Plaintiff moved for default judgment against all Third-Party Defendants on December 17, 2014. [Doc. 93]

14. As discussed above, the Court held evidentiary hearings on April 13, 2015 and August 3, 2015. [Docs. 101, 106 and 107]

15. All three Third-Party Defendants received proper notice of the second hearing at which they could have presented evidence or requested a continuance to prepare evidence to controvert the allegations of the Third-Part Complaint and evidence received at those hearings. [Docs. 104 & 105]

16. None of the Third-Party Defendants attended either hearing or otherwise responded to the Court's notices of evidentiary hearings. [Doc. 106 & Doc. 107]

17. At both hearings, Third-Party Plaintiff appeared through counsel and offered direct testimony regarding damages and the contractual relationships among the parties.

18. The Court requested additional evidence at the first hearing regarding the dates in which Plaintiff Green was confined at VCDC and as to the contracts for provision of healthcare services during those periods of her confinement at VCDC. [Doc. 107]

19. That evidence was provided in the form of an affidavit from the Valencia County Detention Center Warden Joe Chavez. [Doc. 102 & Doc. 102-1]

20. Plaintiff Jan Green was detained in the VCDC from July 5, 2009 to July 21, 2009, from September 13, 2009 to October 13, 2009, from December 22, 2009 to December 28, 2009, from April 5, 2010 to December 7, 2011, and from February 6, 2012 to February 9, 2012. *See* Affidavit of Warden Chavez, ¶ 3 [Doc. 102]

21. QuickCare was the contract healthcare provider from October 1, 2008 through September 2010. *See* Third-Party Complaint at ¶ 14[1] and the contract between QuickCare and Valencia County; *see also*, Affidavit of Joe Chavez at ¶ 4.

22. Dr. Badillo-Castro (deceased) was a mental health provider at VCDC from November 1, 2008 to November 1, 2010. *See* Third-Party Complaint at ¶17 and the contract between Dr. Badillo-Castro and Valencia County; *see also*, Affidavit of Warden Chavez at ¶ 5.

23. VFM was the contract heath provider from September 1, 2010 to October 1, 2012. *See* Third-Party Complaint at ¶ 20 and the contract between VFM and Valencia County; *see also*, Affidavit of Joe Chavez at ¶ 6.

24. Defendant Granger was an employee of VFM. *See* Contract between VFM and Valencia County and Third-Party Complaint at ¶ 35.

25. The three Third-Party Defendants were the only contracted providers for healthcare services for VCDC during Mr. Green's detention. *See* Affidavit of Joe Chavez at ¶ 7

26. Each of the Third-Party Defendants had contracted to and did provide mental health services to the Plaintiff while she was detained. *See* Third-Party Complaint at ¶ 23.

---

[1] The contracts are referenced in the Third-Party complaint, were admitted as Exhibits A, B and C at the evidentiary hearing held April 13, 2015. *See* Supplemental Clerk's Minutes, Doc. 107. These exhibits have been given due consideration by the Court.

27. Each of the Third-Party Defendants was responsible for all medical or mental healthcare services provided to the Plaintiff. *See* Contracts between Third-Party Defendants and Valencia County, as referenced in the Third-Party Complaint and admitted as Exhibits A, B and C at the first evidentiary hearing.

28. Each of the contracts entered into between the Third-Party Defendants and the Third-Party Plaintiff called for indemnification for claims brought based on services provided under those contracts. *See* Exhibits A, B & C and theThird-Party Complaint at ¶¶ 15,18, 21, and 28

29. The Valencia County detention center relied on those providers to ensure that Ms. Green received adequate healthcare while she was detained in the detention center. *See* Third-Party Complaint at ¶ 26 and Testimony of Joe Chavez.

30. The Third-Party Defendants failed to provide Ms. Green with the care she needed. *See* Affidavit of Joe Chavez at ¶ 9 as well as his Testimony at the second hearing; *see also* Third-Party Complaint at ¶¶ 12-13[2]; *see also*, Plaintiff's Amended Complaint at ¶¶ 55, 56, 57, 59, 60, 71, 96, 124, and 194[3].

31. The Third-Party Plaintiff settled the claim with Ms. Green based on its evaluation of the conduct of the Third-Party Defendants. Because the Third-Party Defendants failed to keep adequate documentation of services that they provided to VCDC inmates, the Board recognized that it could not mount a successful defense as to the claims set forth in the Complaint. *See* Affidavit of Joe Chavez at ¶ 9.

---

[2] The Third-Party Plaintiff incorporated the Plaintiff's Complaint by reference. *See* Third-Party Complaint at ¶ 9. Therefore, the Court may rely on facts pled in the Plaintiff's Complaint as well as facts pled in the Third-Party Complaint.

[3] Defendant Granger was an employee of VFM, and in that capacity she deprived Plaintiff of medical care. Plaintiff relied exclusively on Third-Party Defendants for the provision of medical care and mental healthcare in the detention center. Therefore, as alleged, it was Third-Party Defendants who deprived Plaintiff of the care she needed.

32. A 7-hour long settlement conference was held before me on November 8, 2013 at which time the parties engaged in fair, honest and quite difficult negotiations. *See* Doc. 76. Based upon my observations at that conference, the settlement reached by Plaintiff Green and the County on the claims set forth in the Complaint was fair, adequate, reasonable and free from collusion or fraud.

33. The Third-Party Plaintiff settled the claim and incurred damages as a result of the conduct of the Third-Party Defendants. *See* Affidavit of Joe Chavez at ¶ 9.

34. As a result of the settlement, Third-Party Plaintiffs (through their insurance company) remitted $1,500,000 to Ms. Green. Testimony at both hearings.

35. Third-Party Plaintiffs also incurred $98,733 in attorneys' fees defending the claim. Testimony at both hearings.

36. The contracts call for indemnification of all damages and fees. *See* Contracts, Exhibits A, B & C; *see also* Third-Party Complaint at ¶¶ 15, 18, and 21.

## **PROPOSED CONCLUSIONS OF LAW**

1. The Court finds that is has both subject matter jurisdiction and personal jurisdiction as to the claims brought in the Third-Party Complaint.

2. The Third-Party Defendants were served and failed to file a proper answer with this Court within the time allowed by the federal Rules of Civil Procedure. Further, to date the Third-Party Defendants have not filed any proper answer with the Court and did not appear at either evidentiary hearing.

3.  3. Therefore, tThe Clerk properly filed the Entry of Default as to the Third-Party Defendants, such that the Third-Party Defendants have admitted the Third-Party Complaint's well pleaded allegations of fact. *Olcott v. Delaware Flood Co.*, 327 F.3d

1115, 1125 (10th Cir. 2003); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir.1971), *rev'd on other grounds*, 409 U.S. 363 (1973).

4. In considering damages on a default judgment, the Court may consider the entire record. *See e.g., Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1152 (D. Colo. 2014); *Solis v. Melt Brands Stores, LLC*, 2012 WL 364685 at *2 (D. Colo. 2012); and *Stockart.com, LLC v. Engle*, 2011 WL 10894610 at *17 (D. Colo. 2011) (all noting review of "entire record"). Here, the Third-Party Plaintiff incorporated Ms. Green's complaint by reference. *See* Third-Party Complaint at ¶ 9. Therefore, the Court has considered the Plaintiff's Amended Complaint [Doc 12], the Third-Party Plaintiff's Complaint [Doc. 55], evidence taken at the hearing held on April 12, 2015, and the Affidavit and Testimony of Warden Joe Chavez.

5. A movant for default judgment is entitled to all reasonable inferences from the evidence offered. *International Painters and Allied Trades Industry Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp.2d 26 (D.D.C. 2002).

6. In this case, the Board of County Commissioners entered into contracts with VFM, QuickCare, and Dr. Blanca Badillo-Castro. The contracts called for the provision of mental and medical services for detainees at the Valencia County Detention Center. Pursuant to the contracts, the providers were responsible for the provision of medical services and for the corresponding adequate documentation of the delivery of those services at the detention center.

7. Valencia County and Warden Chavez relied on the contract medical providers to provide appropriate medical and mental healthcare at the detention center. Pursuant to the contracts, Valencia County relied on the contract medical providers to

ensure appropriate staffing with sufficient expertise to respond to the medical and mental health needs of the detainees in the detention center.

8. Ms. Green was detained in the detention center during the contractual period of each medical service provider. She was seen by each medical service provider. She was not provided with appropriate medical care by each service provider.

9. Because of the medical and mental health care that she received and/or failed to receive in the detention center, Ms. Green filed suit against the detention center staff and Rebecca Granger, a staff member of VFM, for violation of her Constitutional rights.

10. In her amended complaint, Ms. Green alleged an indivisible violation under the Fourteenth Amendment. Her amended complaint does not make any distinction between health care that she received or failed to receive during any specific portion of her detention; instead, the amended complaint alleges insufficient and inappropriate medical and mental healthcare for the duration of her stay. As a result there appears to be no way to prorate the damages in this suit. Further, no Third-Party Defendant appeared through counsel or appeared at the evidentiary hearing to argue regarding damages or apportionment.

11. "Persons who concurrently violate others' civil rights are jointly and severally liable for injuries that cannot be apportioned." *Northington v. Marin*, 102 F.3d 1564, 1569 (10th Cir. 1996).

12. Here, the only evidence in the record illustrates an indivisible injury. Ms. Green alleges insufficient and inappropriate medical care for the duration of her detention resulting in serious mental health damage. She does not apportion her damages to any

specific portion of her detention; instead, she was damaged because the cumulative actions of all Third-Party Defendants.

13. Further, in this case, the lack of documentation by all of the Third-Party Defendants makes it impossible to apportion relative fault and damages among them; moreover, the burden for proving a divisible claim rests on the Defendants. See *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 379 F. Supp. 2d 348, 372, (S.D.N.Y. 2005).

14. The Defendants in this case vigorously defended the claim and agreed to a reasonable settlement based upon the evidence obtained by all participating parties and with the assistance of the Court through settlement conference. The Court finds the settlement to be reasonable and appropriate and holds that the Third-Party Plaintiff incurred damages caused by the conduct of Third-Party Defendants. The Third-Party Plaintiff established the amount of damages to the Court's satisfaction.

15. The Third Party-Plaintiff is entitled to judgment in the amount of One Million, Five Hundred Thousand dollars ($1,500,000) against the Third-Party Defendants jointly and severally.

16. The Third Party Plaintiff is entitled to an award of Ninety-Eight Thousand, Seven Hundred, and Thirty-Three dollars ($98,733) in attorneys' fees against the Third-Party Defendants jointly and severally.

Wherefore,

IT IS HEREBY RECOMMENDED that the Court enter default judgment against all three Third-Party Defendants and award damages and attorney fees in favor of the Third-Party Plaintiff County in the amounts found above.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE